Case 4:14-cv-00769-A Document 10 Filed 11/07/14 Page 1 of 9 PageID 115

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 7 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANDRES REYNA-MARES, JR. §
§
VS. § NO. 4:14-CV-769-A
§ (NO. 4:99-CR-260-A)
§
UNITED STATES OF AMERICA §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Andres Reyna-Mares, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, and a memorandum in support. The government filed a response and appendix, and movant filed a reply. Having now considered all of the parties' filings, the entire record of Case No. 4:99-CR-260-A and Case No. 4:11-CR-149-A, as well as the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

In March 2000, the court sentenced movant to ninety-seven months' imprisonment and a five-year term of supervised release for violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance. In April 2007, following movant's release from prison, he was removed to Mexico.

Movant unlawfully returned to the United States, where he avoided detection until May 2011. On October 12, 2011, movant was indicted on one count of illegal reentry in Case No. 4:11-CR-149-A, to which he pleaded guilty. Because movant was on supervised release in Case No. 4:99-CR-260-A, a motion to revoke the term of supervised release was filed in that case.

The revocation hearing in Case No. 4:99-CR-260-A was held immediately following the sentencing hearing in the illegal reentry case, No. 4:11-CR-149-A. In Case No. 4:11-CR-149-A the court sentenced movant to fifty-seven months' imprisonment, to run consecutive to any sentence imposed in the revocation of supervised release in Case No. 4:99-CR-260-A.[1] In the subsequent revocation hearing, the court sentenced movant to ten months' imprisonment, to run consecutive to the sentence imposed in Case No. 4:11-CR-149-A. Movant appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. United States v. Reyna, 540 F. App'x 329, 331 (5th Cir. 2013).

---

[1] Movant filed a motion pursuant to § 2255 in Case No. 4:11-CR-149-A, which was docketed as Case No. 4:14-CV-689-A. The court denied that § 2255 motion on October 14, 2014.

II.

## Grounds of the Motion

Movant raised two claims in the motion. First, movant alleged that his attorney, Danny Burns ("Burns"), was ineffective for failing to object when the court sentenced movant at the top of the guideline range and failing to object when the court failed to allow movant to speak or offer mitigating evidence. As part of this claim, movant also questioned whether the revocation procedure complied with Rule 32.1 of the Federal Rules of Criminal Procedure.

As to the second ground for relief, movant contended that the court treated the policy statement in § 7B1.3(f) of the United States Sentencing Guidelines as requiring a consecutive sentence, rather than recognizing the court's discretion to impose a concurrent sentence, and that Burns was ineffective for failing to object.

III.

## Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

3

1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

## Neither of the Grounds Has Merit

A. <u>Legal Standards Applicable to Claims of Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 131 S.Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be

5

highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

1.  First Ground for Relief

To the extent movant's first ground for relief complained that the court failed adequately to explain the sentence imposed, his arguments have been considered and rejected by the Fifth Circuit:

> The district court stated that a 10-month revocation sentence was "appropriate" in light of the 18 U.S.C. § 3553(a) factors. The district court therefore provided adequate reasons for imposing the 10-month revocation sentence. . . . Although the district court did not specifically explain why it imposed a consecutive revocation sentence, Reyna makes no argument as to how an adequate explanation would have changed his sentence. Therefore, he has failed to show that the error, if any, affected his substantial rights.

Reyna, 540 F. App'x at 330 (internal citations omitted). Issues disposed of on appeal may not be raised again on collateral review. Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979). Hence, movant cannot raise this claim in a motion for

6

habeas relief.

Movant also contended that Burns was ineffective for failing to object to the imposition of the sentence or to request a sentence at the low end of the guideline range. The record belies movant's contention. During the revocation hearing Burns argued for a sentence at the lower end of the guideline range, or as an alternative, for the revocation sentence to run concurrent with the sentence imposed in Case No. 4:11-CR-149-A. That Burns was unsuccessful does not constitute ineffective assistance of counsel. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983). Nor would Burns have been successful had he objected to imposition of the sentence at the top of the guideline range. The record of the revocation hearing indicates that the court considered all the relevant factors in imposing the sentence. Burns did not render ineffective assistance for failing to make a meritless objection. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Movant also complained that the court did not allow him to present mitigating evidence and Burns failed to object. Again, the record refutes this ground. The court gave movant the opportunity to make any statement he wished to make during the revocation, and movant briefly addressed the court. The court

7

also heard testimony from movant's witnesses in Case No. 4:11-CR-149-A. Movant has failed to direct the court to anything Burns did or failed to do that would render his performance deficient on this ground. The first ground for relief lacks merit.

2. Second Ground for Relief

As discussed previously, the Fifth Circuit considered and rejected the same argument on movant's direct appeal. The appellate court found "no indication that the district court believed that it lacked discretion to impose a concurrent sentence." Reyna, 540 F. App'x at 330. In addition, Burns urged the court to order the sentence imposed in the revocation to run concurrently with the one imposed in Case No. 4:11-CR-149-A, thus ensuring there was no question as to the sentencing options available to the court. And, having already urged the court to impose concurrent sentences, Burns would have gained nothing by objecting when the court ordered the sentences to run consecutively. As stated, Burns was not ineffective for failing to make a meritless objection. Kimler, 167 F.3d at 893.

V.

Order

Therefore,

The court ORDERS that the motion of Andres Reyna-Mares, Jr.,

8

to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 7, 2014.

_____
JOHN McBRYDE
United States District Judge